THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
PIO S. KIM
California Bar No. 156679
Assistant United States Attorney
United States Attorney's Office
Asset Forfeiture Section
    U.S. Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-2589
    Facsimile:  (213) 894-7177
    Email:      Pio.Kim@usdoj.gov

Attorneys for Plaintiff
United States of America

JS - 6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | NO. 2:08-cv-02014-FMC-CWx |
|---|---|---|
| Plaintiff, | ) | **CONSENT JUDGMENT** |
| v. | ) | |
| $25,503.00 IN U.S. CURRENCY, | ) | |
| Defendant. | ) | |

    In this action, plaintiff United States of America (the "government") alleges that the defendant $25,503 in U.S. Currency (the "defendant currency") is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) on the ground that it was furnished or intended to be furnished in, one or more exchanges for a controlled substance or listed chemical in violation of 21 U.S.C. § 841 *et seq.*, and/or constitutes proceeds traceable to such an exchange.  Claimant Leonel Silva, Sr. ("claimant") disputes the

government's allegations.

The parties have agreed to settle this forfeiture action and to avoid further litigation by entering into this consent judgment.

The Court, having been duly advised of and having considered the matter, and based upon the mutual consent of the parties, HEREBY ORDERS, ADJUDGES, AND DECREES:

1.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

2.  The Complaint states claims for relief pursuant to 21 U.S.C. §§ 881(a)(6).

3.  Notice of this action has been given as required by law. No appearance has been made in this action by any person other than claimant, and the time to file claims and answers has expired. The Court deems that all potential claimants other than claimant Leonel Silva, Sr. admit the allegations of the Complaint to be true, and hereby enters default against all such potential claimants.

4.  The defendant $25,503 in U.S. Currency shall be returned to claimant by a check made payable to "Leonel Silva, Sr. and The Law Offices of James E. Blatt Client Trust Fund" mailed to Michael G. Raab, Esq. At 16000 Ventura Boulevard, Suite 1208, Encino, California 91436-2746 within 4 weeks of the entry of this Consent Judgment.

5.  Claimant hereby releases the United States of America, the State of California, all counties, municipalities and cities within the State of California, and their agencies, departments, offices, agents, employees and officers, including, but not

1  limited to, the United States Attorney's Office, the Drug
2  Enforcement Administration, and their employees and agents, from
3  any and all, known or unknown, claims, causes of action, rights,
4  and liabilities, including, without limitation, any claim for
5  attorney's fees, costs, or interest which may be now or later
6  asserted by or on behalf of the claimants, arising out of or
7  related to this action, or the seizure or possession of the
8  defendant currency.  Claimant represents and agrees that he has
9  not assigned and is the rightful owner of such claims, causes of
10 action and rights.
11      6.   Claimant also agrees to hold harmless and indemnify the
12 United States, the United States Attorney's Office and the Drug
13 Enforcement Agency and their employees from all claims to the
14 defendant currency by third party.
15      7.   The Court finds that there was reasonable cause for the
16 seizure of the defendants and institution of these proceedings.
17 This judgment shall be construed as a certificate of reasonable
18 cause pursuant to 28 U.S.C. § 2465.
19      8.   This Consent Judgment is solely caused by the parties'
20 desire not to further litigate this action, and does not
21 constitute a judgment, order or ruling on the merits of this
22 action or of any litigated matters.  This judgement shall not
23 have any res judicata, collateral estoppel, claim preclusion or
24 issue preclusion effects whatsoever unless specifically provided
25 herein.
26 / / /
27
28

9. The parties shall each bear their own attorney's fees and other costs and expenses of litigation.

DATED: April 8, 2009       _____
                            Florence-Marie Cooper
                            UNITED STATES DISTRICT JUDGE